

**FILED**

DEC 3 0 2013

DAVID CREWS, CLERK
BY
Deputy

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**RACHEL BROWN HEFFERNAN BRYANT,**                                    **PLAINTIFFS**
**KENNY BRYANT, ANTHONY BROWN,**
**CLEVELAND WOODROW OLIVER, JR.,**
**DAVID L. FRANKS, ALLIE EVERETT**
**AND ERIC THOMAS on Behalf of**
**Themselves and Others  Similarly Situated**


**v.**                                             CAUSE NO.: 1:13CV246-AS


**UNITED FURNITURE INDUSTRIES, INC.,**                               **DEFENDANTS**
**UNITED FURNITURE INDUSTRIES CA, INC.**
**UNITED FURNITURE INDUSTRIES NC, LLC,**
**AND JOHN DOES 1 -20, Individually**

---

### COLLECTIVE ACTION COMPLAINT
### JURY TRIAL DEMANDED

---

For their Complaint against United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually ("Defendants"), Plaintiffs Rachel Brown Heffernan Bryant, Kenny Bryant, Anthony Brown, Cleveland Woodrow Oliver, Jr., David L. Franks, Allie Everett  and Eric Thomas  ("Plaintiffs") state and allege upon information and belief, and on behalf of themselves and other similarly situated individuals, as follows:

## SUMMARY

1.    Defendants failed to pay Plaintiffs and other similarly situated employees a minimum wage, and failed to pay overtime wages, pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA").

## JURISDICTION & VENUE

2.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

3.    Venue is proper under 28 U.S.C. § 1391, because Defendants are doing business and have their principal place of business in this district and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4.    Plaintiff, Rachel Brown Heffernan Bryant, is a resident of Monroe County, Mississippi, and worked as an upholsterer for Defendant United Furniture Industries, Inc., at the Defendants' furniture upholstery plant in Okolona, Mississippi, during the relevant statutory period. Plaintiff Bryant was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

5.    Plaintiff, Kenny Bryant, is a resident of Monroe County, Mississippi, and worked as an upholsterer for Defendant United Furniture Industries, Inc., at the Defendants' furniture upholstery plant in Okolona, Mississippi, during the relevant statutory period. Plaintiff Bryant was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

2

6.     Plaintiff, Anthony Brown, is a resident of Monroe County, Mississippi, and

worked as a supply man for Defendant United Furniture Industries, Inc., at the Defendants' furniture

upholstery plant in Okolona, Mississippi, during the relevant statutory period. Plaintiff Brown was

Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

7.     Plaintiff, Cleveland Woodrow Oliver, Jr., is a resident of Monroe County,

Mississippi, and worked in the frame department for Defendant United Furniture Industries, Inc., at

the Defendants' furniture upholstery plant in Okolona, Mississippi, during the relevant statutory

period. Plaintiff Oliver was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

8.     Plaintiff, David L. Franks, is a resident of Monroe County, Mississippi, and worked

as a line supplier for Defendant United Furniture Industries, Inc., at the Defendants' furniture

upholstery plant in Okolona, Mississippi, during the relevant statutory period. Plaintiff Franks was

Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

9.     Plaintiff, Allie Everett, is a resident of Monroe County, Mississippi, and worked as

a gluer for Defendant United Furniture Industries, Inc., at the Defendants' furniture upholstery plant

in Okolona, Mississippi, during the relevant statutory period. Plaintiff Everett was Defendants'

employee within the meaning of FLSA, 29 U.S.C. § 203(e).

10.    Plaintiff, Eric Thomas, is a resident of Monroe County, Mississippi, and worked as

an upholsterer for Defendant United Furniture Industries, Inc., at the Defendants' furniture

upholstery plant in Okolona, Mississippi, during the relevant statutory period. Plaintiff Thomas was

Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e).

3

11.     The class of similarly situated employees ("the Class") consists of all persons employed by Defendants in the last three years and whose hourly rate during any work week was less than the applicable minimum wage, and whom Defendants failed to pay overtime wages as alleged herein.

12.     United Furniture Industries, Inc., is an Ohio Corporation, with its principal place of business in Okolona, Chickasaw County, Mississippi. It may be served with process through its registered agent, Douglas A. Hanby, 431 Highway 41 East, Okolona, Mississippi 38860.

13.     United Furniture Industries CA, Inc., is a Mississippi Corporation, with its principal place of business in Okolona, Chickasaw County, Mississippi. It may be served with process through its registered agent, Douglas A. Hanby, 431 Highway 41 East, Okolona, Mississippi 38860.

14.     United Furniture Industries NC, LLC, is a Mississippi Limited Liability Company, with its principal place of business in Okolona, Chickasaw County, Mississippi. It may be served with process through its registered agent, Douglas A. Hanby, 431 Highway 41 East, Okolona, Mississippi 38860.

15.     Defendants' gross volume of sales exceeds $500,000 per year, exclusive of excise taxes, and Defendants conduct their aforesaid businesses in interstate commerce. Goods of Defendants regularly manufactured by Plaintiffs as employees of Defendants were regularly sold and shipped out of state. Plaintiffs regularly used, as employees of Defendants, goods that were produced out of state and purchased from, and shipped in from, out of state. Defendants, United Furniture Industries, Inc., United Furniture Industries CA, Inc., and United Furniture Industries NC, LLC, are wood and upholstered furniture manufacturing companies headquartered in Okolona,

4

Chickasaw County, Mississippi, and with establishments located in Okolona (2), Nettleton (1), Amory (1), Mississippi; High Point, North Carolina (1), and unknown locations in California. Plaintiffs and the class at all locations regularly worked with goods manufactured and shipped in from out-of-state, such as air staple guns, staples, glue, nail and other goods. The Annual Dollar Volume (ADV) of sales of the enterprise consisting of these individual companies is in the multi-million dollar range which is greatly in excess of the required ADV of $500,000 for FLSA enterprise coverage under 29 U.S.C. 203(s)(1)(A). Plaintiffs and members of the proposed class are covered on an individual basis under FLSA since they are engaged in the production of goods (including furniture) for interstate commerce and/or in activities that are closely related and directly essential to such production. 29 U.S.C. 216(b) permits the Plaintiffs to bring private law suits to collect back wages on behalf of themselves and the class described herein. Furthermore, said Plaintiffs produce goods of Defendants for interstate commerce through the production of furniture and in the processing of goods such as credit cards, checks, drafts, and open accounts, including written and electronic documents, where such transactions were approved, or cleared out of state, pursuant to § 29 U.S.C. 203(j).

16.     Upon information and belief, Plaintiffs allege that Defendants' agents and employees Mike Carnathan, Andy Smith and Jeff Neal were responsible for all day-to-day business operations of the company plant locations. Specifically, Carnathan, Smith and Neal communicated with Plaintiffs' and Plaintiffs' supervisors on a daily basis regarding setting Plaintiffs', and the similarly situated individuals', daily work schedules, work orders, and number of hours of work and regarding Payroll and financial decisions for Defendants. In addition, upon information and belief, Carnathan, Smith and Neal were responsible for administering and implementing all company policies and

5

procedures, which Plaintiffs' supervisors then relayed to Plaintiffs and the other similarly situated individuals.

17.    Carnathan, Smith and Neal are employers of Plaintiffs and other similarly situated employees pursuant to § 29 U.S.C. 203(d) in that they maintain control, oversight, and direction over the operation of their facilities, including the employment practices at these facilities, and are engaged in the employment of upholstery, line supplies, gluers, furniture loaders and other furniture production employees, including Plaintiffs and those similarly situated, to perform work in the State of Mississippi.

18.    John Does 1 through 20 are co-owners, managers and/or production managers and operators, and employers of Plaintiffs and the other similarly situated individuals pursuant to § 29 U.S.C. 203(d) along with Defendants, United Furniture Industries, Inc., United Furniture Industries CA, Inc., and United Furniture Industries NC, LLC, of the said furniture manufacturing plants where Plaintiffs and the "Class" worked.   Their true identities are not yet known to Plaintiffs.   Plaintiffs will move to amend and assign their true identities once known to Plaintiffs.

## FACTS

19.    Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).   Plaintiffs and the similarly situated individuals work or worked for Defendants as upholsterers, line suppliers, gluers, furniture loaders and in other jobs in the production of furniture, at any time from three years prior to the filing of this Complaint to the entry of the judgment in this action.

6

20. During the relevant statutory period, Plaintiffs and the similarly situated individuals regularly worked over forty (40) hours per week without receiving proper compensation for their overtime hours worked.

21. Defendants required Plaintiffs, and the class, to work off-the-clock in order to evade paying Overtime (29 U.S.C. 207(a)), and in some cases, Minimum Wage (29 U.S.C. 206(a)), and to pay for safety glasses and scissors used in their work which resulted in payments reducing their wages below the Minimum Wage. The non-recording of time spent working off-the-clock is a violation of the FLSA Record Keeping law (29 U.S.C. 211(c).

22. As above outlined, at the times pertinent to this complaint, Defendants failed to comply with the Fair Labor Standards Act, in that Plaintiffs and other employees similarly situated worked for Defendants in excess of the maximum hours provided by the Act, but provision was not made by Defendants to pay Plaintiffs and other employees similarly situated, payment for work in excess of the maximum hours provided for by statute at the rate of time and a half their regular rates of pay; moreover, Plaintiffs and other employees similarly situated have been forced by Defendants to work for periods during which the minium wage provided for in the Act was not paid and more particularly for which no payment whatever was made by Defendants to Plaintiffs and other employees similarly situated, all in violation of the Fair Labor Standards Act.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs bring Count I in this Complaint on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). (*See* Consent Forms attached as **Exhibit A**). Plaintiffs and the similarly situated individuals are individuals who are currently, or have been,

7

employed by Defendants as upholsterers, line suppliers, gluers, furniture loaders, and in other jobs in the production of furniture, in any of Defendant United Furniture locations during the last three years, and whose primary job duties included upholstering, glueing, line suppling, furniture loading and in other jobs in the manufacturing of furniture ("the Collective Class" and "applicable statutory period").

24.     During the applicable statutory period, Plaintiffs and the Collective Class worked as, or performed the duties of, upholsterers, gluers, line suppliers, furniture loaders, and in other jobs in the manufacturing of furniture for Defendants.

25.     During the applicable statutory period, Plaintiffs and the Collective Class routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all overtime hours worked, and hence, also were not receiving minimum wages. Defendants were aware that Plaintiffs and the Collective Class were working overtime hours because Plaintiffs and the similarly situated individuals were required to work prior to "clocking in" at Defendants' plant locations and to work after "clocking out". Therefore, Defendants were aware of the specific times Plaintiffs and the Collective Class were working at each jobsite.

26.     Although they regularly worked more than forty (40) hours per week, Plaintiffs and the Collective Class did not receive proper overtime pay from Defendants.

27.     In addition, Defendants regularly and unilaterally made substantial deductions from Plaintiffs' and the Collective Class' paychecks related to their work performance.

28.     During the applicable statutory period, Defendants failed to keep accurate time records for all hours worked by Plaintiffs and the Collective Class.

8

29.     Defendants' conduct as described above was willful and in bad faith. Upon information and belief, Defendants received numerous complaints from employees regarding Defendants' failure to pay overtime pay for hours worked over forty (40) per week. Upon information and belief, when coworkers of Plaintiffs inquired of Defendants Carnathan, Smith and Neal about why they were not paid overtime, Defendants Carnathan, Smith and Neal explained that Defendants simply did not pay for such overtime and threatened to terminate Plaintiffs for further complaints. In addition, Plaintiffs are aware of other workers similarly situated being reprimanded for complaining about not being paid for overtime hours worked.

30.     These practices violate the provision of the FLSA, 29 U.S.C. §201, et seq. including, but not limited to, 29 U.S.C. §§ 206 and 207. As a result of these unlawful practices, Plaintiffs and the Collective Class have suffered a loss of wages.

31.     Plaintiffs also seek liquidated damages for Defendants' intentional and knowing acts of failure to pay Plaintiffs, and the Class, wages as alleged herein. By reason of Defendants' refusal to pay the unpaid minimum wages and overtime due Plaintiffs and other employees similarly situated, it has been necessary for them to employ attorneys to prosecute this cause for them.

32.     Plaintiffs, bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants pursuant to 29 U.S.C. § 216(b).

33.     Plaintiffs, on behalf of themselves and the Class, seek relief on a collective basis challenging Defendants' pay and practice of failure to pay overtime and/or minimum wages as alleged herein.

9

34.     The total number and identities of the Class may be determined from the records

of employment, including, but not limited to, time cards, check stubs and earnings records of the

Plaintiffs and class employed by Defendants.

35.     The claims of Plaintiffs, are similar, typical, and common to the Class because they

and the Class have been required to participate in an illegal payment scheme as above alleged and

have been unlawfully denied payment of the Federal minimum wage and overtime.  Furthermore,

the Class is so numerous that joinder would be impracticable.

36.     Plaintiffs' experiences are typical of the experiences of the Class.

37.     Defendants' failure to pay minimum wage and to pay overtime wages at the rates

required by the FLSA results from generally applicable policies or practices and does not depend on

the personal circumstances of Plaintiffs or the Class.

38.     Specific job titles or job duties of the Class do not prevent collective treatment.

39.     All potential members of the Class, irrespective of their particular job duties, are

entitled to the difference between their hourly rate and the applicable minimum wage for all hours

worked, and payment for overtime hours worked at time and a half their regular rate of pay.

40.     Although the issue of damages can be individual in character, there remains in

this case,  a common nucleus of liability facts.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

41.     Plaintiffs re-allege and incorporate the above paragraphs by reference as if fully set forth herein.

42.     The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per work week.  Furthermore, Defendants unilaterally made unlawful deductions (ie., for scissors and other tools) from Plaintiffs payroll checks which reduced employees' pay to less than Minimum Wage (29 U.S.C. 206(a)).

43.     Defendants suffered and permitted Plaintiffs and the Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

44.     Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the Collective Class at the required overtime rate.

45.     Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of the FLSA.

46.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

47.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with

11

respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

48.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of **29 U.S.C. § 255(a)** as Defendants knew, or showed reckless disregard for the fact, that their compensation practices were in violation of these laws.

49.     Defendants have a policy and practice of failing to pay the prevailing minimum wage and of failing to pay overtime wages properly. Such policy and practice were intentionally and willfully instituted and followed, and violate the FLSA.

50.     Defendants knew, or should have known, that their policies and practices relating to the non-payment of minimum wages and overtime violate the FLSA.

51.     Defendants have not made a good faith effort to comply with the FLSA.

52.     Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continue to carry out, their illegal payment practices in violation of the FLSA as above outlined.

53.     Plaintiffs and the Class are entitled to the difference between their hourly rate or minimum wage, whichever is greater, and the amount they received from Defendants for compensation, and one and one-half such amount of their regular rate of pay or minimum wage, whichever was greater.

54.     Plaintiffs re-allege and incorporate all averments set forth in Paragraphs 1 through 53 above as if fully incorporated herein. Defendants fraudulently misrepresented to the Plaintiffs that they were not owed overtime wages because they were exempt employees under the FLSA and

12

worked Plaintiffs and the class "off the clock" while intentionally and falsely representing hours worked and failing to pay overtime for same.

55.     In addition, Plaintiffs and the Class are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

56.     Plaintiffs demand a trial by jury of this action.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

A.     That notice of this action be given to all similarly situated individuals as soon as possible;

B.     That the practices of Defendants complained of herein be determined and adjudicated to be in violation of the FLSA, 29 U.S.C. § 201 et seq.;

C.     That the practices of Defendants complained of herein be determined to be a willful violation of the FLSA, 29 U.S.C. § 201 et seq.;

D.     For damages in the amount of Plaintiffs' and the Collective Class' unpaid minimum wages and overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, and all other relief available under the FLSA;

E.      That Plaintiffs be granted leave to amend the Complaint to add state law claims if

necessary; and

F.      For all such other relief as the Court deems equitable and just.

Respectfully submitted,

W. HOWARD GUNN
**ATTORNEY FOR PLAINTIFFS**


**W. HOWARD GUNN**
**ATTORNEY AT LAW**
**310 SOUTH HICKORY STREET**
**POST OFFICE BOX 157**
**ABERDEEN MS 39730**
**662/369-8533**
**MSB NO. 5073**

14

**UNITED FURNITURE INDUSTRIES, INC.,
UNITED FURNITURE INDUSTRIES CA, INC.,
UNITED FURNITURE INDUSTRIES NC, LLC,
AND JOHN DOES 1-20, Individually**

## PLAINTIFF CONSENT FORM

1. I, Rachel Brown Heffernan Bryant, consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. §201 , et. seq. against my current/former employer, United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually, to recover overtime pay.

2. Within the past 3 years, there were occasions when I worked more than forty (40) hours in a week for United Furniture Industries, Inc., as an upholsterer (or similar job title). I did not receive overtime compensation for those hours.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 11-14-13

Signature

Rachel Bryant

Print Name



**UNITED FURNITURE INDUSTRIES, INC.,**
**UNITED FURNITURE INDUSTRIES CA, INC.,**
**UNITED FURNITURE INDUSTRIES NC, LLC,**
**AND JOHN DOES 1-20, Individually**

## PLAINTIFF CONSENT FORM

1. I, Kenny Bryant, consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. §201 , et. seq. against my current/former employer, United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually, to recover overtime pay.

2. Within the past 3 years, there were occasions when I worked more than forty (40) hours in a week for United Furniture Industries, Inc., as an upholsterer (or similar job title). I did not receive overtime compensation for those hours.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 11 - 14 - 13

Signature

Print Name

**UNITED FURNITURE INDUSTRIES, INC.,**
**UNITED FURNITURE INDUSTRIES CA, INC.,**
**UNITED FURNITURE INDUSTRIES NC, LLC,**
**AND JOHN DOES 1-20, Individually**

## PLAINTIFF CONSENT FORM

1.  I, Anthony Brown, consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. §201 , et. seq. against my current/former employer, United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually, to recover overtime pay.

2.  Within the past 3 years, there were occasions when I worked more than forty (40) hours in a week for United Furniture Industries, Inc., as a supplier (or similar job title). I did not receive overtime compensation for those hours.

3.  If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually.

4.  I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 11 / 14 / 13

_Anthony Keith Brown_
Signature

_anthony Keith Brown_
Print Name

**UNITED FURNITURE INDUSTRIES, INC.,**
**UNITED FURNITURE INDUSTRIES CA, INC.,**
**UNITED FURNITURE INDUSTRIES NC, LLC,**
**AND JOHN DOES 1-20, Individually**

## PLAINTIFF CONSENT FORM

1.  I, Cleveland Woodrow Oliver, Jr., consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. §201 , et. seq. against my current/former employer, United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually, to recover overtime pay.

2.  Within the past 3 years, there were occasions when I worked more than forty (40) hours in a week for United Furniture Industries, Inc., as a framer (or similar job title). I did not receive overtime compensation for those hours.

3.  If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually.

4.  I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 11/15/13

Signature

Cleveland W. Oliver Jr.
Print Name

**UNITED FURNITURE INDUSTRIES, INC.,**
**UNITED FURNITURE INDUSTRIES CA, INC.,**
**UNITED FURNITURE INDUSTRIES NC, LLC,**
**AND JOHN DOES 1-20, Individually**

## PLAINTIFF CONSENT FORM

1.  I, David L. Franks, consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. §201 , et. seq. against my current/former employer, United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually, to recover overtime pay.

2.  Within the past 3 years, there were occasions when I worked more than forty (40) hours in a week for United Furniture Industries, Inc., as a line supplier (or similar job title). I did not receive overtime compensation for those hours.

3.  If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually.

4.  I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: _11 - 15 - 13_

Signature

DAVID FRANK
Print Name

**UNITED FURNITURE INDUSTRIES, INC.,**
**UNITED FURNITURE INDUSTRIES CA, INC.,**
**UNITED FURNITURE INDUSTRIES NC, LLC,**
**AND JOHN DOES 1-20, Individually**

## PLAINTIFF CONSENT FORM

1.    I, Allie Everett, consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. against my current/former employer, United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually, to recover overtime pay.

2.    Within the past 3 years, there were occasions when I worked more than forty (40) hours in a week for United Furniture Industries, Inc., as a gluer (or similar job title). I did not receive overtime compensation for those hours.

3.    If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually.

4.    I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 11/19/13

Signature

Allie J. Everett
Print Name

**UNITED FURNITURE INDUSTRIES, INC.,**
**UNITED FURNITURE INDUSTRIES CA, INC.,**
**UNITED FURNITURE INDUSTRIES NC, LLC,**
**AND JOHN DOES 1-20, Individually**

## PLAINTIFF CONSENT FORM

1. I, Eric Thomas, consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. against my current/former employer, United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually, to recover overtime pay.

2. Within the past 3 years, there were occasions when I worked more than forty (40) hours in a week for United Furniture Industries, Inc., as an upholsterer (or similar job title). I did not receive overtime compensation for those hours.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against United Furniture Industries, Inc., United Furniture Industries CA, Inc., United Furniture Industries NC, LLC, and John Does 1-20, Individually.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: _11 19 13_

_Eric Thomas_
Signature

_ERIC Thomas_
Print Name