**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**RACHEL BROWN HEFFERNAN BRYANT,
KENNY BRYANT, ANTHONY BROWN,
CLEVELAND WOODROW OLIVER, JR.,
DAVID L. FRANKS, ALLIE EVERETT AND
ERIC THOMAS on Behalf of Themselves and
Others Similarly Situated**                                **PLAINTIFFS**

**VS.**                                                      **NO. 1:13CV246-A-S**

**UNITED FURNITURE INDUSTRIES, INC.,
UNITED FURNITURE INDUSTRIES CA, INC.,
UNITED FURNITURE INDUSTRIES NC, LLC,
AND JOHN DOES 1-20, Individually**                         **DEFENDANTS**

**ANSWER AND DEFENSES OF DEFENDANTS**

COME NOW Defendants United Furniture Industries, Inc., United Furniture Industries CA, Inc., and United Furniture Industries, NC, LLC (collectively "Defendants"), by and through counsel, and in response to the Complaint filed against them by Plaintiffs in this case would show unto the court as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against the Defendants for which relief may be granted, and thus is subject to dismissal.

**SECOND DEFENSE**

Defendants state that to the extent Plaintiffs' claims may be barred in whole or in part by any applicable statute(s) of limitations, fraud and/or repose, Plaintiffs' claims are subject to dismissal.

**THIRD DEFENSE**

Without waiving any affirmative defenses set forth herein, and specifically subject to same, the Defendants respond to the various allegations of the Complaint, paragraph by paragraph, as follows:

1.

All allegations contained in Paragraph 1 of the Complaint are each and severally denied.

2.

Defendants admit that this court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §1331. All allegations contained in Paragraph 2 of the Complaint not expressly admitted are hereby denied.

3.

Defendants admit that venue for the claims asserted is proper in the United States District Court for the Northern District of Mississippi, Aberdeen Division. All allegations contained in Paragraph 3 of the Complaint not expressly admitted are hereby denied.

4.

Defendants admit that Plaintiff Rachel Brown Heffernan Bryant was employed by Defendant United Furniture Industries, Inc. as a non-exempt employee. All allegations contained in Paragraph 4 of the Complaint not expressly admitted are hereby denied.

5.

Defendants admit that Plaintiff Kenny Bryant was employed by Defendant United Furniture Industries, Inc. as a non-exempt employee. All allegations contained in Paragraph 5 of the Complaint not expressly admitted are hereby denied.

6.

Defendants admit that Plaintiff Anthony Brown was employed by Defendant United Furniture Industries, Inc. as a non-exempt employee. All allegations contained in Paragraph 6 of the Complaint not expressly admitted are hereby denied.

7.

Defendants admit that Plaintiff Cleveland Woodrow Oliver, Jr. was employed by Defendant United Furniture Industries, Inc. as a non-exempt employee. All allegations contained in Paragraph 7 of the Complaint not expressly admitted are hereby denied.

8.

Defendants admit that Plaintiff David L. Franks was employed by Defendant United Furniture Industries, Inc. as a non-exempt employee. All allegations contained in Paragraph 8 of the Complaint not expressly admitted are hereby denied.

9.

Defendants admit that Plaintiff Allie Everett was employed by Defendant United Furniture Industries, Inc. as a non-exempt employee. All allegations contained in Paragraph 9 of the Complaint not expressly admitted are hereby denied.

10.

Defendants admit that Plaintiff Eric Thomas was employed by Defendant United Furniture Industries, Inc. as a non-exempt employee. All allegations contained in Paragraph 10 of the Complaint not expressly admitted are hereby denied.

11.

Defendants admit that Plaintiffs have filed a Complaint against them as a purported collective action under the Fair Labor Standards Act. All allegations contained in Paragraph 11 of the Complaint not expressly admitted are hereby denied.

12.

Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.

Defendants admit that United Furniture Industries CA, Inc. was incorporated in the State of Mississippi. All allegations contained in Paragraph 13 of the Complaint not expressly admitted are hereby denied.

14.

Defendants admit that United Furniture Industries NC, LLC was formed in the State of Mississippi. All allegations contained in Paragraph 14 of the Complaint not expressly admitted are hereby denied.

15.

Defendants admit that the Fair Labor Standards Act is applicable to all corporate defendants herein. Defendants further admit that each are engaged in the furniture manufacture industry. All allegations contained in Paragraph 15 of the Complaint not expressly admitted are hereby denied.

16.

Defendants admit that supervisors or other exempt employees of Defendants are assigned certain duties to perform as may be determined by the Defendants. All allegations contained in Paragraph 16 of the Complaint not expressly admitted are hereby denied.

17.

Defendants admit that supervisors or other exempt employees of Defendants are assigned certain duties to perform as may be determined by the Defendants. All

allegations contained in Paragraph 17 of the Complaint not expressly admitted are hereby denied.

18.

Defendants are without information sufficient to either admit or deny the allegations contained in Paragraph 18 of the Complaint and, therefore, deny same.

19.

Defendants admit that Plaintiffs have filed a Complaint against them as a purported collective action under the Fair Labor Standards Act. All allegations contained in Paragraph 19 of the Complaint not expressly admitted are hereby denied.

20.

All allegations contained in Paragraph 20 of the Complaint are each and severally denied.

21.

All allegations contained in Paragraph 21 of the Complaint are each and severally denied.

22.

All allegations contained in Paragraph 22 of the Complaint are each and severally denied.

23.

Defendants admit that Plaintiffs have filed a Complaint against them as a purported collective action under the Fair Labor Standards Act. All allegations contained in Paragraph 23 of the Complaint not expressly admitted are hereby denied.

24.

Defendants admit that Plaintiffs have filed a Complaint against them as a purported collective action under the Fair Labor Standards Act. Defendants further admit that each are engaged in the furniture manufacture industry. All allegations contained in Paragraph 24 of the Complaint not expressly admitted are hereby denied.

25.

All allegations contained in Paragraph 25 of the Complaint are each and severally denied.

26.

All allegations contained in Paragraph 26 of the Complaint are each and severally denied.

27.

All allegations contained in Paragraph 27 of the Complaint are each and severally denied.

28.

All allegations contained in Paragraph 28 of the Complaint are each and severally denied.

29.

All allegations contained in Paragraph 29 of the Complaint are each and severally denied.

30.

All allegations contained in Paragraph 30 of the Complaint are each and severally denied.

31.

All allegations contained in Paragraph 31 of the Complaint are each and severally denied.

32.

Defendants admit that Plaintiffs have filed a Complaint against them as a purported collective action under the Fair Labor Standards Act. All allegations contained in Paragraph 32 of the Complaint not expressly admitted are hereby denied.

33.

Defendants admit that Plaintiffs have filed a Complaint against them as a purported collective action under the Fair Labor Standards Act. All allegations contained in Paragraph 33 of the Complaint not expressly admitted are hereby denied.

34.

Defendants admit that United Furniture Industries, Inc. will possess records concerning the number of hours worked and compensation paid to its employees. All allegations contained in Paragraph 34 of the Complaint not expressly admitted are hereby denied.

35.

All allegations contained in Paragraph 35 of the Complaint are each and severally denied.

36.

All allegations contained in Paragraph 36 of the Complaint are each and severally denied.

37.

All allegations contained in Paragraph 37 of the Complaint are each and severally denied.

38.

All allegations contained in Paragraph 38 of the Complaint are each and severally denied.

39.

All allegations contained in Paragraph 39 of the Complaint are each and severally denied.

40.

All allegations contained in Paragraph 40 of the Complaint are each and severally denied.

41.

Defendants fully adopt and incorporate herein by reference their responses to Paragraph 1 through 40 of the Complaint, <u>supra</u>.

42.

Defendants admit that Plaintiffs, while employed by United Furniture Industries, Inc., would have worked overtime hours if necessary, and if so were compensated for same. All allegations contained in Paragraph 42 of the Complaint not expressly admitted are hereby denied.

43.

All allegations contained in Paragraph 43 of the Complaint are each and severally denied.

44.

All allegations contained in Paragraph 44 of the Complaint are each and severally denied.

45.

All allegations contained in Paragraph 45 of the Complaint are each and severally denied.

46.

All allegations contained in Paragraph 46 of the Complaint are each and severally denied.

47.

All allegations contained in Paragraph 47 of the Complaint are each and severally denied.

48.

All allegations contained in Paragraph 48 of the Complaint are each and severally denied.

49.

All allegations contained in Paragraph 49 of the Complaint are each and severally denied.

50.

All allegations contained in Paragraph 50 of the Complaint are each and severally denied.

51.

All allegations contained in Paragraph 51 of the Complaint are each and severally denied.

52.

All allegations contained in Paragraph 52 of the Complaint are each and severally denied.

53.

All allegations contained in Paragraph 53 of the Complaint are each and severally denied.

54.

Defendants fully adopt and incorporate herein by reference their responses to Paragraph 1 through 53 of the Complaint, supra. Further, all different or additional allegations contained in Paragraph 54 of the Complaint are each and severally denied.

55.

All allegations contained in Paragraph 55 of the Complaint are each and severally denied.

56.

Defendants admit that Plaintiffs have made a demand for a trial by jury. All allegations contained in Paragraph 56 of the Complaint not expressly admitted are hereby denied.

57.

Defendants respond to the unnumbered paragraph following thereafter and commencing "Wherefore" of the Complaint as follows:

    (A)    Denied.

    (B)    Denied.

    (C)    Denied;

    (D)    Denied;

 (E)  Denied; and

 (F)  Denied.

Further, Defendants deny that Plaintiffs are entitled to judgment against them or any of the relief sought, in any form or amount.

## FOURTH DEFENSE

Defendants state that to the extent Plaintiffs have failed to mitigate damages, their claims are barred or diminished.

## FIFTH DEFENSE

Defendants state that the Complaint filed herein is frivolous, unreasonable and/or groundless and totally without merit, and as a result thereof same should be dismissed in its entirety and Defendants awarded their reasonable attorney's fees and costs incurred in the defense of this action pursuant to Federal Rule of Civil Procedure 11 and/or the Mississippi Litigation Accountability Act of 1988.

## SIXTH DEFENSE

To the extent Plaintiffs attempt to assert any claim for punitive damages in this case, Defendants state that they are immune from all punitive and exemplary damages. Punitive damages cannot be justified in this case. Further, any award for punitive or exemplary damages against Defendants would be in violation of the constitutional safeguards provided to Defendants under the Constitutions of the State of Mississippi and the United States of America. Specifically:

 (a)  Any imposition of punitive damages against Defendants in this case would violate the due process clauses of the Fourteenth Amendment to the United States Constitution and of Article III, Section 14 of the Mississippi Constitution of 1890, in that the basis for imposing liability, or for awarding punitive damages and for trial and appellate review or any such award is vague, retroactive,

11

        limitless, standardless, and not rationally related to any legitimate governmental interest.

(b)     Any imposition of punitive damages against Defendants in this case would constitute an excessive fine in violation of Article III, Section 28 of the Mississippi Constitution of 1890 and of the due process clauses of the Fourteenth Amendment to the United States Constitution and Article III, Section 14 of the Mississippi Constitution of 1890.

(c)     Any imposition of punitive damages against Defendants in this case based on wealth would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

(d)     Any award of punitive damages against Defendants in this case would be violative of the procedural safeguards provided to Defendants under the Fourth, Fifth and Sixth Amendments to the United States Constitution, in that punitive damages are penal in nature, and Defendant is entitled to the same procedural safeguards according to those charged with crimes.

(e)     Any imposition of punitive damages against Defendants in this case would constitute an ex post facto law in violation of Article I, Section 10, Clause 1 of the United States Constitution, and of Article III, Section 16 of the Mississippi Constitution of 1890.

(f)     Any possible claim for punitive damages would fail to comply with the standards set forth in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), <u>State Farm v. Campbell</u>, 2002 U.S. Lexis 2713 (April 7, 2003) and their progeny; any claim for punitive damages would further limited in amount by the foregoing authorities.

## SEVENTH DEFENSE

The Defendants state that to the extent any Plaintiff qualifies as an exempt employee under any exemption of the Fair Labor Standards Act, said Plaintiff's claim is subject to dismissal.

## EIGHTH DEFENSE

Defendants plead the defenses of laches, waiver, estoppel, accord and satisfaction, offset, setoff and/or credit.

## NINTH DEFENSE

Defendants state that to the extent the court finds that any Plaintiff is entitled to compensation, Defendants acted in good faith and without willful intent at all times in regard to said Plaintiffs, including, but not limited to, relying upon legal and/or accounting advice in its method of paying said Plaintiffs.

## TENTH DEFENSE

Defendants state that their actions or omissions, if any, were not the cause in fact, or a proximate cause, of any injuries or damages allegedly sustained by Plaintiffs.

## ELEVENTH DEFENSE

Defendants state that they have not breached any applicable state or federal rule, regulation, statute, or standard concerning Plaintiffs.

## TWELFTH DEFENSE

Defendants deny that Plaintiff suffered from any unlawful conduct on the part of the Defendants. Defendants exercised reasonable care to prevent or correct promptly any alleged unlawful conduct in the workplace, and while Defendants deny that Plaintiffs were subject to any unlawful conduct, Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

## THIRTEENTH DEFENSE

Although denying any and all liability, Defendants state they cannot be held liable for the alleged actions or omissions of supervisory or exempt employees, either vicariously, under the doctrine of respondeat superior or otherwise, where such alleged action or omission was outside of the course and scope of such supervisory or exempt employees' duties.

## FOURTEENTH DEFENSE

Although denying any and all liability, Defendants state that in the alternative no individual Defendant may be held liable for any alleged Fair Labor Standards Act violation of any other party, person or entity.

## FIFTEENTH DEFENSE

Defendants plead the protection of the corporate veil doctrine.

## SIXTEENTH DEFENSE

Defendants plead all defenses available to them under the Fair Labor Standards Act and applicable regulations.

## SEVENTEENTH DEFENSE

Defendants state that Plaintiffs and each putative member of the purported collective action, as defined in the Complaint, are not entitled to any recovery because the alleged acts or omissions of the Defendants, if any, were made in good faith and in conformity with and reliance on applicable Fair Labor Standards Act administrative regulations, orders, rulings, approvals, interpretations, or administrative practices or enforcement policies with respect to the class of employers to which any corporate defendant belongs.

## EIGHTEENTH DEFENSE

Defendants state that some of Plaintiffs' individual claims and the claims of each putative member of the purported class action, as defined by the Complaint, may be barred by the *de minimus* doctrine.

## NINETEENTH DEFENSE

The Complaint fails to state a claim against Defendants upon which attorney's fees or costs can be awarded.

**TWENTIETH DEFENSE**

Defendants state that Plaintiffs' collective allegations must be dismissed, and certification and notice under 29 U.S.C. §216(b) must be denied, because an independent and individual analysis of the claims asserted by each putative member of the purported collective action, as defined by the Complaint, and each of the stated defenses to such claims is required.

**TWENTY-FIRST DEFENSE**

Defendants states that Plaintiffs and the putative members of the purported collective action, as defined in the Complaint, were not employed by some or all of the Defendants.

**TWENTY-SECOND DEFENSE**

Defendants state that to the extent Plaintiffs or any other putative member of the purported collective action, as defined by the Complaint, were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

**TWENTY-THIRD DEFENSE**

The Defendants state that this Honorable Court has no jurisdiction over United Furniture Industries CA, Inc. or United Furniture Industries NC, LLC, as no Plaintiff was employed by either Defendant and employees of these two Defendants are not similarly situated to the Plaintiffs herein, thus requiring dismissal of all claims asserted against United Furniture Industries CA, Inc. and United Furniture Industries NC, LLC.

## TWENTY-THIRD DEFENSE

Defendants state that to the extent they may have inadvertently failed to deny any allegation contained in the operative Complaint, such allegation is hereby denied.

## TWENTY-FOURTH DEFENSE

Defendants reserve the right to amend this Answer and Defenses to assert additional affirmative or other defenses as may be necessary.

WHEREFORE, PREMISES CONSIDERED, Defendants United Furniture Industries, Inc., United Furniture Industries CA, Inc., and United Furniture Industries, NC, LLC, respectfully request the Court to dismiss, with prejudice, the Complaint filed against them in this cause by Plaintiffs awarding said Defendants all costs and attorney's fees incurred in responding to same.

Respectfully submitted, this the 11th day of March, 2014.

        UNITED FURNITURE INDUSTRIES,
        INC., ET AL, Defendants


By: **/s/L. Bradley Dillard**
      L. BRADLEY DILLARD
      (MB #10114)
      JOHN S. HILL
      (MB #2451)
      JOHN CREEKMORE
      (MB #7833)

OF COUNSEL:

| | |
|---|---|
| CREEKMORE LAW OFFICE, PLLC | MITCHELL, MCNUTT & SAMS, P.A. |
| 103 4th Avenue North | 105 S. Front Street |
| P.O. Box 716 | P.O. Box 7120 |
| Amory, MS 38821 | Tupelo, MS 38802-7120 |
| (662)-256-8208 (telephone) | (662) 842-3871 (telephone) |
| (662)-257-0306 (facsimile) | (662) 842-8450 (facsimile) |

## **CERTIFICATE OF SERVICE**

I, L. Bradley Dillard, one of the attorneys for the above Defendants, do hereby certify that I have this date served via ECF filing a true and correct copy of the above and foregoing Answer and Defenses of Defendants to the following:

W. Howard Gunn
Attorney at Law
P. O. Box 157
Aberdeen, MS  39730

THIS the 11th day of March, 2014.

                                               */s/ L. Bradley Dillard*
                                               L. BRADLEY DILLARD