IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RACHEL BROWN HEFFERNAN BRYANT, et al.,
on behalf of themselves and others similarly situated                              PLAINTIFFS

V.                                                                              CAUSE NO.: 1:13-CV-00246-SA-DAS

UNITED FURNITURE INDUSTRIES, INC., et al.                                        DEFENDANTS

**MEMORANDUM OPINION**

Plaintiffs Rachel Bryant, Kenny Bryant, Anthony Brown, Cleveland Oliver, Jr., David Franks, Allie Everett, and Eric Thomas initiated this action on behalf of themselves and others similarly situated, against Defendants United Furniture Industries, Inc., United Furniture Industries CA, Inc., and United Furniture Industries NC, LLC, alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). Plaintiffs have moved for conditional certification of a collective action under Section 16(b) of the FLSA, and Defendants have moved for the Court to apply the doctrine of *res judicata*. For the foregoing reasons, Plaintiffs' Motion to Certify Class [47][1] is GRANTED IN PART and DENIED IN PART and Defendants' Motion for Application of *Res Judicata* [87] is DENIED.

Facts and Procedural History

Plaintiffs were formerly employed in various positions as furniture manufacturers with Defendant United Furniture Industries, Inc. ("UFI") at its Mississippi facilities in Okolona, Amory, and Nettleton. Plaintiffs allege that they, as well as at least one thousand other UFI

---

[1] In their motion, Plaintiffs originally sought certification under Rule 23 of the Federal Rules of Civil Procedure, which does not allow for certification of FLSA claims, see LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 286-88 (5th Cir. 1975), but have subsequently rephrased their request as one for preliminary certification under Section 16(b). The Court permitted Defendants to file a sur-rebuttal to address Plaintiffs' arguments made in advancement of certification under Section 16(b) and now treats the Plaintiffs' Motion for Class Certification [47] as a request for preliminary certification pursuant to Section 16(b).

employees in Mississippi, were routinely required to work off the clock without pay and to work in excess of forty hours per week without being compensated at overtime rates. Specifically, the employees at UFI's plants were purportedly forced to begin work before being allowed to clock in and forced to clock out before being allowed to leave work.

Plaintiffs have filed a Motion to Certify Class [47], requesting preliminary certification of a collective action pursuant to Section 16(b) of the FLSA, arguing that the non-exempt employees at UFI's Mississippi locations who were required to work off the clock and who were not paid for overtime are "similarly situated" for purposes of this suit. Defendants argue that the proposed class members are not similarly situated. Moreover, Defendants have filed a Motion for Application of *Res Judicata* [87], contending that a previously settled lawsuit precludes certification in the present case. The Court addresses the potential application of *res judicata* before proceeding to the certification analysis.

## Defendants' Motion for Application of *Res Judicata*

In their Motion for Application of *Res Judicata* [87], Defendants request the Court to deny the Plaintiffs' Motion to Certify Class [47] on the grounds that the collective action sought in this lawsuit involves claims that have already been certified for collective action treatment and subsequently settled in another lawsuit within the Northern District of Mississippi, Carothers v. United Furniture Industries, Inc., No. 1:13-CV-00203-DAS ("Carothers").

Like in this case, the Carothers suit concerned alleged violations by UFI of the FLSA, and the named plaintiffs sought certification of a collective action pursuant to Section 16(b) of the FLSA. The parties in Carothers consented to adjudication by the magistrate judge and

2

subsequently settled the case with the magistrate judge's approval.[2] In the order approving the settlement, the magistrate judge expressly "incorporate[d] the terms and definitions used in the parties' settlement agreement filed with the court[,]" which defines the settlement collective as:

> all persons employed by Defendants as non-exempt factory workers in Mississippi, North Carolina or California from October 15, 2010 through the date of the court's order granting final approval of the settlement in regard to any and all claims of any kind or nature, arising under the FLSA and for compensatory damages, liquidated damages and/or attorney's fees.

In the same order, the magistrate judge stated that:

> [c]ertification of the Collective Settlement Class herein shall operate as *res judicata*/claim preclusion to any other certification of non-exempt factory employees of the Defendants under [Section 16(b)] of the FLSA for the time period of October 15, 2010 to the present date.

Thus, Defendants' position is that the magistrate judge's order in Carothers operates as a bar to the claims involved in the present case pursuant to the doctrine of *res judicata*.

*Res judicata*, as defined by the Fifth Circuit is, "the venerable legal cannon which proclaims that a valid and enforceable final judgment precludes a second suit between the same parties on the same claim or any part thereof." Medina v. INS, 993 F.2d 499, 503 (5th Cir. 1993). The Supreme Court and Fifth Circuit have both held that "[t]he preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 892, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008); In re Paige, 610 F.3d 865, 870 n.2 (5th Cir. 2010). The Fifth Circuit has set forth four conditions to the applicability of *res judicata*: (1) "the parties must be identical in both suits," (2) "the prior judgment must have been rendered by a court of

---

[2] The plaintiffs in Carothers filed, in this case, a Motion to Allow Limited Entry of Appearance for the Limited Purpose of Submitting Opposition to Plaintiffs' Motion for Class Certification [51], arguing that they are members of the class proposed by the Plaintiffs here and should be allowed to intervene to protect their interests in pursuing their claims. However, the claims of the Carothers plaintiffs have subsequently been settled with the magistrate judge's approval, and as discussed below, the class conditionally certified here is *exclusive* of the plaintiffs in the Carothers action. Thus, to the extent that the Carothers plaintiffs ever possessed an interest in the present action, it has since been extinguished. Their Motion [51] is accordingly DENIED AS MOOT.

competent jurisdiction," (3) "there must have been a final judgment on the merits[,]" and (4) "the same cause of action must be involved in both cases." Paige, 610 F.3d at 870.

As to the requirement of identical parties, Section 16(b) of the FLSA authorizes one or more employees to initiate suit "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Importantly, however, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.; LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975). Additionally, "no person *will be bound by* or *may benefit from* judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent." LaChapelle, 513 F.2d at 288 (emphasis added); see also Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1212 (5th Cir. 1995), overruled on other grounds by Desert Palace v. Costa, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003) (explaining that unlike the procedure for class certification under Federal Rule of Civil Procedure 23, when individuals do not opt into a Section 16(b) collective action under the ADEA, they are not bound by the results of the lawsuit).[3]

None of the Plaintiffs named in the present action are among the nearly five hundred employees who opted into the Carothers action by filing written consents with the Court. Without affirmatively opting into Carothers, the employees pursuing relief here, as well as any other UFI employees who were not named in the earlier action and who may seek to join this suit in the future, *cannot* have been parties to Carothers. 29 U.S.C. § 216(b). As such, the Plaintiffs here can neither benefit from nor be bound by the Carothers judgment. LaChapelle, 513 F.2d at 288. Inasmuch as the magistrate judge's order purportedly authorizes relief or prescribes binding

---

[3] Section 16(b) collective action treatment is also available under the Age Discrimination in Employment Act ("ADEA"), which incorporates the FLSA's remedial structure by reference. 29 U.S.C. § 626(b).

4

effect as to claims of employees who were not parties to the action, the order is ineffective under Fifth Circuit precedent and federal law. See id.; 29 U.S.C. § 216(b).

To be sure, Defendants do not argue that the individual litigants who did not opt into Carothers are precluded from pursuing claims individually. Defendants merely assert that certification of a subsequent collective action is barred and that litigants who choose to pursue collective treatment are required to do so through a claims procedure established by the Carothers settlement. However, Defendants have cited no authority in support of this contention, and the FLSA imposes no limitation on the number of collective actions that may be advanced to remedy the same alleged violations. See 29 U.S.C. § 216(b); Akins v. Worley Catastrophe Response, LLC, 921 F. Supp. 2d 593, 598 (E.D. La. 2013) ("The plain language of Section []16(b) . . . "permit[s] more than one collective action by any one, or more than one, employee or group of employees."); see also Coronado v. D N.W. Houston, Inc., 2014 WL 6674292, at *4 (S.D. Tex. Nov. 24, 2014) (noting that parties who opted in late could file individual actions or separate collective actions under Section 16(b) if not allowed to remain in the suit).

Moreover, the fact that Defendants seek to impose preclusive effect, not with respect to the employees' substantive claims, but with respect to their ability to resolve such claims through a mechanism provided by Section 16(b), does not excuse the *res judicata* requirement of identical parties. See Paige, 610 F.3d at 870. As previously stated, because the Plaintiffs here did not opt into Carothers, they cannot have been parties to the action, regardless of what the terms of the parties' agreement may indicate. 29 U.S.C. § 216(b).

The Court therefore finds that the present claims have not been brought by parties identical to those in the Carothers action, and that the first condition of the *res judicata* analysis is not met. See Donovan v. Grim Hotel Co., 747 F.2d 966, 975 (5th Cir. 1984) (finding *res judicata* did not bar an FLSA collective action when the employees involved in a previous action

5

initiated by the Secretary of Labor were different from those before the Court). Accordingly, Plaintiffs are not precluded from seeking collective action certification.

Plaintiffs' Motion for Section 16(b) Certification

*Appropriate Certification Standard*

The FLSA requires covered employers to compensate non-exempt employees at statutorily mandated minimum wage and overtime rates. 29 U.S.C. § 207(a). As stated above, to recover unpaid minimum wages and overtime compensation, Section 16(b) permits an employee to bring suit "for and in behalf of himself . . . and other employees *similarly situated*." 29 U.S.C. § 216(b) (emphasis added). There are varying methods routinely employed by courts to determine whether potential plaintiffs are "sufficiently 'similarly situated' to advance their claims together in a single [Section ]16(b) action[,]" but the Fifth Circuit has never endorsed a singular approach. Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 518-19 (5th Cir. 2010).

Plaintiffs urge the Court to apply the Lusardi approach, which involves a two-step procedure for certification. White v. NTC Transp., Inc., 2013 WL 5874566, at *1 (N.D. Miss. Oct. 31, 2013) (citing Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987)). The first step of the analysis under this approach is the notice stage, whereby the Court determines whether the action should be "conditionally certified." Songer v. Dillon Resources, Inc., 569 F. Supp. 2d 703, 705 (N.D. Tex. 2008) (citing Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)). The notice stage typically occurs early in the litigation; the Court's review is usually based on the pleadings and any attached affidavits; and the "determination is made using the fairly lenient standard." Mooney, 54 F.3d at 1214. Upon a preliminary finding that the litigants are similarly situated, the Court conditionally certifies the class, authorizes notice to potential class members, allows time for putative class members to

follow the FLSA's opt in procedure, and permits adequate time for discovery. Id. Then, after the close of discovery, the Defendant may initiate the second step of the Lusardi analysis, termed the "merits," or "decertification" stage, by filing a motion for decertification, at which time the Court conducts a more factually intensive inquiry into the similarly situated question to determine whether the suit may proceed as an FLSA collective action. White, 2013 WL 5874566, at *1-*2 (citation omitted).

Defendants argue, on the other hand, that the Court should apply what is known as the "spurious class action" approach to decide whether the proposed litigants are similarly situated.[4] Mooney, 54 F.3d at 1214. This approach is founded on the interpretation that Congress intended the "similarly situated" requirement to be coextensive with the standards applicable to class action certification set forth in Federal Rule of Civil Procedure 23. Id. Thus, with use of the spurious class action approach, courts eschew the two-step procedure of Lusardi and instead decide whether the proposed class meets Rule 23's requirements of "numerosity," "commonality," "typicality," and "adequacy of representation." Id. (citing FED. R. CIV. P. 23).

In selecting which of the two approaches to apply in this case, the Court notes the differences between the certification procedure of the FLSA and that of the Federal Rules of Civil Procedure. The Fifth Circuit has made clear that a collective action under Section 16(b) is fundamentally and irreconcilably different from a class action under Rule 23, in that a collective action, unlike a class action, is ineffective to bind litigants who do not opt in, a principle illustrated by the inapplicability of *res judicata* in this case. LaChapelle, 513 F.2d at 288.

This distinction implicates a broader divergence between Rule 23 and Section 16(b) beyond simple procedural nuance. The certification procedure under Rule 23 ensures that absent

---

[4] The "spurious class action" approach is alternately termed the Shushan approach. See Shushan v. Univ. of Colorado, 132 F.R.D. 263 (D. Colo. 1990).

class members are afforded due process. See In re Monumental Life Ins. Co., 365 F.3d 408, 416-17 (5th Cir. 2004) (explaining that the notice and opt out requirements of Rule 23(b)(3) are "fundamental requisites of the constitutional guarantees of procedural due process"); see also Wal-Mart Stores, Inc. v. Dukes, --- U.S. ---, 131 S. Ct. 2541, 2558-59, 180 L. Ed. 2d 374 (2011) (noting the stringent due process requirements imposed for individual monetary claims under Rule 23(b)(3)); FED. R. CIV. P. 23(e)(2) (requiring a hearing and findings of fairness, reasonableness, and adequacy before the court may approve a settlement that would bind absent class members).

In contrast, in an FLSA collective action, there are no absent class members; only those who have opted in are considered parties to the suit and bound by the results of the action. 29 U.S.C. § 216(b); LaChapelle, 513 F.2d at 288. Thus, the heightened due process considerations of Rule 23 are not present within the context of Section 16(b). See c.f., Jones v. JGC Dallas LLC, 2014 WL 7332551, at *2 (N.D. Tex. Nov. 12, 2014) ("The primary focus of the Court's inquiry in determining whether to approve the settlement of [an] FLSA collective action is not, as it would be for a Rule 23 class action, on due process concerns[.]"); Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (same); Sims v. Housing Auth. City of El Paso, 2012 WL 10862119, at *2 (W.D. Tex. Feb. 29, 2012) (same); see also Rodolico v. Unisys Corp., 199 F.R.D. 468, 482 (E.D.N.Y. 2001) ("The [Section ]16(b) requirement that plaintiffs consent to the suit serves essentially the same due process concerns that certification serves in a Rule 23 action.").

Consistent with this dichotomy, this Court has explained that "the 'similarly situated' requirement of [Section ]16(b) is . . . considerably less stringent than the commonality requirements for class certification under Rule 23 . . . ." White, 2013 WL 5874566, at *2 (citing O'Brien v. Ed Donnelly Enter., Inc., 575 F.3d 567, 584 (6th Cir. 2009)). And the Supreme Court

recently stated, in distinguishing an FLSA case from a previous case involving class certification under Rule 23 that "[w]hatever significance 'conditional certification' may have in [Section ]16(b) proceedings, it is not tantamount to class certification under Rule 23." Genesis Healthcare Corp. v. Symczyk, --- U.S. ---, 133 S. Ct. 1523, 1532, 185 L. Ed. 2d 636 (2013). In light of the foregoing, the Court finds certification under Section 16(b) and Rule 23 to be significantly different.

The Lusardi approach, unlike the spurious class action approach, accounts for these differing mechanics and standards. See Mooney, 54 F.3d at 1213-14. This is why the Lusardi method is "the favored approach by courts in the Fifth Circuit." Harris v. Hinds Cnty., Miss., 2014 WL 457913, at *2 & n.4 (S.D. Miss. Feb. 4, 2014) (quoting Kaluom v. Stolt Offshore, Inc., 474 F. Supp. 2d 866, 871 (S.D. Tex. 2007)). Moreover, in making the FLSA certification decision, this Court has most recently applied the Lusardi two-step procedure. See White, 2013 WL 5874566. For these reasons, the Court finds the Lusardi approach to be the preferable method for resolving the issue of collective action certification and will apply it in this case. Thus, the only issue before the Court at this initial notice stage is whether, based on the pleadings and attached affidavits, Plaintiffs have made a *preliminary* showing that the proposed class members are similarly situated. Mooney, 54 F.3d at 1214.

*Certification Decision*

In applying the "fairly lenient" standard at the notice stage, the Court determines whether Plaintiffs have provided competent evidence to show that a similarly situated group of potential plaintiffs exists. Id. Conditional certification is appropriate so long as there are "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by" an illegal purpose. Id. at 1214 n.8 (quotation and citation omitted). Relevant factors to guide the Court are whether (1) "potential plaintiffs were identified," (2) "affidavits of

potential plaintiffs were submitted," and (3) "evidence of a widespread plan was submitted." White, 2013 WL 5874566, at *1 (quoting Songer, 569 F. Supp. 2d at 707).

In addition to the named Plaintiffs in this suit, eleven other potential plaintiffs have filed written consents with the Court seeking to join the action. Additionally, each of the named Plaintiffs, as well as four of the other employees who have filed written consents, have submitted affidavits averring that UFI failed to pay minimum wages and overtime compensation due under the FLSA. Also attached are affidavits of eleven other UFI employees who have not filed consents with the Court, in which each avers that UFI required the affiant to work off the clock and overtime without commensurate compensation. Thus, the Court finds that Plaintiffs have identified potential members of the class and have attached the requisite affidavits. See id.

Specifically, the various affidavits submitted identify employees holding the positions of upholsterer, production line supervisor, line supplier, framer, bagger, sewing machine operator, builder, springer, floater, and regulator. The affiants allege that minimum wage and overtime violations have occurred at UFI's Mississippi facilities in Okolona, Amory, Nettleton, and Hatley. And the affiants collectively identify twelve different individuals with supervisorial authority at the different UFI locations, who are allegedly responsible for requiring the employees to work off the clock. Thus, Plaintiffs have submitted evidence of FLSA violations pervading different positions within UFI, occurring at various facilities in Mississippi, and instituted by a wide range of UFI supervisors.[5]

The Court finds that such widespread and pervasive allegations constitute evidence of an illegal decision, policy, or plan such that the proposed class is sufficiently similarly situated for

---

[5] The Court notes that Plaintiffs' allegations are substantially contradicted by Defendants' own affidavits, but it is not the Court's function to resolve these factual disputes at the notice stage. See Mooney, 54 F.3d at 1214 n.8.

purposes of the first step in the Lusardi analysis. See id. Accordingly, conditional certification is proper.

*Class Parameters*

In the course of conditional certification, the Court possesses broad discretion in the facilitation of notice to potential class members of a Section 16(b) collective action, so long as it maintains judicial neutrality with respect to the claims pursued. Hoffmann-La Roche, 493 U.S. at 169, 174, 110 S. Ct. 482. Consistent with this discretion, the Court now evaluates the parameters of the proposed opt in class. See Tolentino v. C & J Spec-Rent Servs. Inc., 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010) (amending the plaintiffs' proposed class to account for issues of overbreadth); see also Harris, 2014 WL 457913, at *7 (exercising discretion in amending the Plaintiffs' proposed form of notice).

The Plaintiffs have sought conditional certification with respect to the following putative class:

> All persons employed by Defendants as furniture manufacturers in the operation of Defendants' furniture manufacturing plants in the state of Mississippi who worked off the clock and were not paid for overtime wages under the FLSA.

The Court finds that Plaintiffs' proposed class is overly broad in two respects. First, Plaintiffs have submitted that the "relevant class time period began January 1, 2010" and that "Defendants ceased their unlawful policy of requiring certain production workers . . . to work off the clock after the suit was filed in this cause on December 30, 2013." However, no discernable time period has been identified by the Plaintiffs' proposed class. The Court will therefore amend the class parameters to reflect the relevant class time period above.

Second, the class, as proposed, would include the plaintiffs in Carothers, but, as discussed above, those employees opted into a previous lawsuit under Section 16(b) and have already

settled their claims with the magistrate judge's approval. The Court will therefore exclude those individuals from the proposed class.

Accounting for these issues of overbreadth, the Court conditionally certifies the amended class as follows:

> All persons employed by Defendants from January 1, 2010 until December 30, 2013 as furniture manufacturers in the operation of Defendants' furniture manufacturing plants in the state of Mississippi who worked off the clock and were not paid for overtime wages under the FLSA, with the exception of those persons who previously "opted in" to the lawsuit Carothers v. United Furniture Industries Inc., No. 1:13-CV-00203-DAS and reached a settlement of their claims in its course.

Conclusion

For the foregoing reasons, Defendants' Motion for Application of *Res Judicata* [87] is DENIED and Plaintiffs' Motion for Class Certification [47] is GRANTED IN PART and DENIED IN PART. Because this case involves current Plaintiffs and potential plaintiffs who did not opt into the Carothers lawsuit, and because the members of the putative class are "similarly situated," the Court finds that conditional certification under Section 16(b) of the FLSA is appropriate as to the putative class as modified herein. A separate order approving certification and setting forth the procedure for the facilitation of notice shall issue from the Court this day.

SO ORDERED on this, the 30th day of March, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**