IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RACHEL BROWN HEFFERNAN BRYANT, et al.,
on behalf of themselves and others similarly situated          PLAINTIFFS

V.                                                CAUSE NO.: 1:13-CV-00246-SA-DAS

UNITED FURNITURE INDUSTRIES, INC., et al.                    DEFENDANTS

## ORDER

Plaintiffs initiated this suit on behalf of themselves and others similarly situated, seeking to recover unpaid wages under the Fair Labor Standards Act ("FLSA"). On March 30, 2015, this Court entered an Order [107] conditionally certifying the pending collective action as follows:

> All persons employed by Defendants from January 1, 2010 until December 30, 2013 as furniture manufacturers in the operation of Defendants' furniture manufacturing plants in the state of Mississippi who worked off the clock and were not paid for overtime wages under the FLSA, with the exception of those persons who previously "opted in" to the lawsuit Carothers v. United Furniture Industries Inc., No. 1:13-CV-00203-DAS and reached a settlement of their claims in its course.

By the same order, the Court instructed Plaintiffs to file a motion for Court approval of the notice and consent to join forms to be provided to putative class members. Plaintiffs have filed their Motion [109], seeking Court approval of said forms attached as Exhibits 1 and 2 to this order. Defendants have lodged several objections to the Plaintiffs' proposed forms.

Upon consideration of the proposals, objections in response, and reply, Plaintiffs' Motion [109] is GRANTED IN PART and DENIED IN PART. Consistent with modifications made herein, the Court hereby approves the notice and consent forms in the formats attached as Exhibits 3 and 4 to this order.

*Dates of Employment*

Defendants' first objection is based on an argument previously addressed by the Court. Defendants filed a Motion to Amend/Correct [110], seeking to have the Court amend the parameters of the conditionally certified class. Defendants argued, among other things, that the class time period should begin no later than January 1, 2011, a date three years prior to the commencement of this lawsuit. Otherwise, Defendants argued, the class could include potential litigants whose claims are time barred. See 29 U.S.C. § 255(a) (providing a three year statute of limitations for FLSA claims based on willful violations). In denying Defendants' Motion to Amend/Correct, the Court explained that although the conditional class may include some time-barred claims, reaching such a merits-based decision at this preliminary notice stage would be premature.

In their response to the pending motion, filed prior to the Court's denial of their Motion to Amend/Correct, Defendants likewise urge that the proposed class time period, as listed on the Plaintiffs' proposed form of notice, should be amended to reflect a beginning date of January 1, 2011. Thus, for the same reasons set forth in the Order Denying Defendants' Motion to Amend/Correct [122], Defendants' present objection to Plaintiffs' proposed form of notice is denied.

*Merits-Based Language*

Defendants raise two objections relating to language in the proposed forms concerning the merits of Plaintiffs' claims. As submitted, the first sentence of Paragraph 1 of the form of notice, entitled "Purpose of Notice" currently reads:

> The purpose of this notice is to inform you of your right to join a lawsuit filed against United Furniture Industries, Inc., et al. seeking recovery of unpaid overtime wages for work performed off the clock before clocking in and after clocking out and other monetary damages.

2

Defendants request that the word "alleged" be interlineated immediately prior to the words "unpaid overtime wages for work . . . ."

Similarly, the final sentence of the first paragraph in Plaintiffs' proposed consent to join form reads: "Said employees worked in excess of forty (40) hours and were not paid overtime wages." Plaintiffs request that the words "claim to have" be inserted between "employees" and "worked in excess . . . ."

The United States Supreme Court has explained that lower courts possess broad discretion in facilitating notice to potential class members of a Section 16(b) collective action, but that courts "must be scrupulous to respect judicial neutrality" by avoiding "even the appearance of judicial endorsement of the merits of the action." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 174, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). Plaintiffs argue that the risk of judicial endorsement is adequately assuaged by a statement appearing at the bottom of Plaintiffs' proposed form of notice emphasizing that the Court takes no position regarding the case's merits, and that Defendants' proposed changes are duplicative. Plaintiffs have not, however, articulated any harm that may accrue by inserting the words "alleged" and "claim to have." Thus, to err on the side of scrupulous respect of judicial neutrality, Defendants' requests in this regard are hereby granted.[1]

*Consent Deadline*

The following paragraph appears at the top of page three of the form of notice:

**If your signed Consent Form is not postmarked by _____ [120 DAYS FROM MAILING], you will not receive any of the potential money damages**

---

[1] In Defendants' request, the words "claim to have" are italicized in an apparent attempt to differentiate the words that should be added to the consent to join form from those that already appear in Plaintiffs' proposal. Insofar as Defendants intended to request that these words actually appear in italics typeface in the consent to join form, such request is denied.

> **recovered against United Furniture Industries, Inc., in this lawsuit.** If you have any questions about filling out or sending the Consent Form, please contact Plaintiffs' counsel listed on page 1 of this notice.

Defendants' argue this paragraph is duplicative and ask that it be deleted in its entirety. As Plaintiffs note, however, the *consequences* of a failure to postmark a consent form within the notice period do not appear elsewhere in either form. Accordingly, the Court finds that the paragraph at issue is not unnecessarily duplicative. Defendants' request to have it stricken is therefore denied.

Additionally, although not raised by the parties, the Court notes that Plaintiffs' proposed notice form states that an employee's consent must be postmarked within 120 days from Plaintiffs' mailing. Yet, the Court's order conditionally certifying the present class sets the notice period to run for 120 days beginning "on the day after the Court approves the form of notice and the consent to join form." Thus, in the form amended by this Order, the Court has inserted the appropriate deadline by which an employee's consent form is required to be postmarked.

*Anti-Retaliation Language*

Paragraph 5 of the proposed form of notice, appearing on page three, reads:

> It is a violation of federal law for United Furniture Industries, Inc. to fire you, or in any manner retaliate against you, for taking part in this case. If you believe United Furniture Industries, Inc. has retaliated against you then you should contact Plaintiffs' counsel immediately.

Defendants argue there is no basis to infer that they may retaliate against any prospective class members and accordingly request the paragraph be stricken in its entirety. Plaintiffs have, however, attached an affidavit of a paralegal for Plaintiffs' counsel, stating that she received a phone call from John Mixon, who has already filed a written consent with the Court and who wished to cease participation in the current suit because he "felt that remaining in the litigation would prevent any chances of future employment with United Furniture Industries."

4

Moreover, another district court within the Fifth Circuit has approved a similar anti-retaliation provision on the grounds that it is an accurate statement of federal law. See In re Wells Fargo Wage & Hour Employment Practices Litigation (No. III), 2013 WL 2180014, at *8 (S.D. Tex. May 17, 2013). For these reasons, Defendants' request to strike the anti-retaliation language is denied.

*Defendant's Dispute of Liability*

Defendants also request that a new paragraph be added immediately prior to the current paragraph three on page two, which would have the heading "Position of United Furniture Industries" and would read:

> United Furniture Industries, Inc. denies all claims asserted by the plaintiffs in this action and denies that it required its employees to work off the clock and failed to pay them overtime wages under the Fair Labor Standards Act as claimed by the plaintiffs in this action, or otherwise violated the Fair Labor Standards Act.

Plaintiffs argue that such a paragraph is inconsistent with the purpose of the form, i.e., to provide notice to potential class members, and that it duplicates the final sentence of paragraph two, entitled "Description of the Lawsuit," which states that "United Furniture Industries, Inc. denies that it has violated any law and contends that it has paid its employees properly."

Consistent with another district court opinion from within the Fifth Circuit, the Court recognizes that the notice should contain a statement of Defendants' basis for disputing liability. Yaklin v. W-H Energy Servs., Inc., 2008 WL 1989795, at *4 (S.D. Tex. May 2, 2008). However, Plaintiffs are correct that, to some extent, Defendants' proposed language is duplicative. To accommodate both parties and strike an appropriate balance, the Court orders the language appearing in block quotes above to *replace* the aforementioned final sentence of paragraph two. The heading "Position of United Furniture Industries" is not, however, to be included. Therefore, instead of paragraph two ending with the sentence, "United Furniture Industries, Inc. denies that

it has violated any law and contends that it has paid its employees properly[,]" it will now end with the following narrative:

> United Furniture Industries, Inc. denies all claims asserted by the plaintiffs in this action and denies that it required its employees to work off the clock and failed to pay them overtime wages under the Fair Labor Standards Act as claimed by the plaintiffs in this action, or otherwise violated the Fair Labor Standards Act.

*Conclusion*

For the above reasons, the Plaintiffs' Motion for Court Approval of Forms for Notice and Consent to Join [109] is GRANTED IN PART and DENIED IN PART. As previously instructed in the Court's order granting conditional certification, Plaintiffs shall prepare and mail the approved notice and consent to join forms, attached as Exhibits 3 and 4 to this order, to the individuals appearing on the employee list provided by Defendants, other than the opt-in plaintiffs in Carothers. The first day of the notice period is tomorrow, June 3, 2015. For successful inclusion into the opt-in class, employees must provide their consent forms, postmarked no later than September 30, 2015, which Plaintiffs' counsel shall subsequently file with the Clerk of Court no later than October 14, 2015.

SO ORDERED on this, the 2nd day of June, 2015.

/s/ **Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**